# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Elfred William Petruk,<br><br>　　　　Defendant. | Case No. 13-cr-165 (SRN/LIB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Thomas M. Hollenhorst, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Douglas Olson, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter is before the Court on Defendant's Objection [Doc. No. 57] to Magistrate Judge Leo I. Brisbois' Report and Recommendation [Doc. No. 55], which recommended that: (1) Defendant's Motion to Dismiss Count One Based on an Unsupportable Carjacking Theory [Doc. No. 41] be denied; (2) Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Doc. No. 26] be denied; (3) Defendant's Motion to Suppress Eyewitness Identifications [Doc. No. 27] be denied; and (4) Defendant's Motion to Suppress Statements, Admissions, and Answers [Doc. No. 28] be denied. Defendant only objects to the Magistrate Judge's recommendation that Defendant's Motion to Dismiss Count One be denied. [Doc. No.

1

57]. For the following reasons, the Court overrules Plaintiff's Objection and adopts the Magistrate Judge's Report and Recommendation in its entirety.

## II. BACKGROUND

As the Magistrate Judge's Report and Recommendation thoroughly sets forth the factual and procedural background of this case, the Court incorporates the R&R by reference and recites facts to the extent necessary to rule on Plaintiff's Objection. In short, Defendant Elfred William Petruk is charged with: (1) carjacking, (2) conspiracy to distribute actual methamphetamine, (3) felon in possession of a firearm—armed career criminal, and (4) possession with intent to distribute actual methamphetamine. (Indictment at 1-3 [Doc. No. 1].) On July 12, 2013, Defendant made his suppression motions. [Doc. Nos. 26-28]. On August 14, 2013, Defendant moved to dismiss Count One. [Doc. No. 41]. On September 4, 2013, the Magistrate Judge recommended that all of Defendant's motions be denied. [Doc. No. 55]. On September 10, 2013, Defendant objected only to the Magistrate Judge's recommendation that Defendant's Motion to Dismiss Count One be denied. [Doc. No. 57]. The parties have stipulated to the following facts concerning Defendant's sole objection:

> Around 2:00 a.m. on [June 18], 2012, T.B. received a call from his mother that his truck had been stolen from their garage. T.B. was out driving in another truck at the time he received the phone call, and started heading home. As T.B. drove home, he noticed his truck drive past him on the road. T.B. did a u-turn and followed the truck, eventually flashing the truck over to the side of the road. The driver of his stolen truck got out, and when T.B. started to get out of his car, the driver got back into the truck and took off. T.B. followed his stolen truck onto some rural roads, where it was pulled over. T.B. pulled over behind his stolen truck. The driver of the truck got out and approached T.B. with something behind his back. As the driver approached T.B.'s window, he swung a hammer at T.B., who grabbed it with his hands. The driver pulled the hammer out of T.B.'s hands. T.B. engaged his vehicle and started driving away, and the driver swung the hammer and struck the driver's rear window, breaking it as T.B. drove away. The driver got back in the stolen truck and drove away. The truck was later discovered abandoned in a rural ditch. The government alleges that Mr. Petruk is the driver/car thief.

(Sept. 4, 2013, Order at 2 [Doc. No. 55].)

**III.     DISCUSSION**

    **A.  Standard of Review**

A district court must make an independent, *de novo* evaluation of those portions of a report and recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b).

As to the underlying motion to dismiss, Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure provides that a motion alleging a defect in the indictment must be raised before trial, and a claim that the indictment fails to state an offense may be raised while the case is pending. FED. R. CRIM. P. 12(b)(3)(B). In addition, the Eighth Circuit has held that

> An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009). "An indictment is normally sufficient if its language tracks the statutory language." United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008).

    **B.  Defendant's Objection**

Viewing the sequence of events as a "car theft followed by a roadside assault/damage to property claim," Defendant objects to the Magistrate Judge's recommendation because (1) the initial "taking" occurred without force or threat of violence, and (2) the vehicle was not in the owner's "presence" during the subsequent roadside incident. (Objection to Report and

3

Recommendation at 4-5 [Doc. No. 57].)

> As the R&R sets forth, the carjacking statute at issue states:
>
> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(1) be fined under this title or imprisoned not more than 15 years, or both.

18 U.S.C. § 2119(1). The elements for this offense are: (1) the defendant took or attempted to take a motor vehicle from the person or presence of another by force and violence or by intimidation; (2) the defendant acted with the intent to cause death or serious bodily harm; and (3) the motor vehicle involved has been transported, shipped, or received in interstate or foreign commerce. United States v. Wright, 246 F.3d 1123, 1126 (8th Cir. 2001) (citing United States v. Williams, 136 F.3d 547, 550)).

The Magistrate Judge rejected Defendant's argument that a vehicle, once taken without force, cannot subsequently be re-taken by the same perpetrator such that the second taking would fall within the bounds of the carjacking statute. In reaching this conclusion, the Magistrate Judge considered United States v. Wright, in which the defendant found an unattended vehicle in an enclosed valet parking lot; sat himself in the driver's seat before the valet confronted him; accelerated the vehicle, ran into the valet and drove approximately twenty yards with the valet on the hood; hit the brakes and slid the valet off the hood; began to reverse but the valet opened the driver's side door; struggled with the valet and shoved the valet from the vehicle; and finally fled the parking lot. Id. at 1125. On appeal, the defendant in Wright argued that the taking had occurred when he entered the unoccupied car, and that any force he had used occurred after the taking. Id. at 1126. The Eighth Circuit rejected this argument, finding in part that even after the defendant entered the vehicle, the valet by his actions "was claiming control of the car," and the

4

defendant's actions resulted in his taking the vehicle from the valet's presence. Id. at 1126-27.

The Court agrees with the Magistrate Judge that under Wright, a vehicle taken initially without force can later be re-taken by the same perpetrator, such that the subsequent taking constitutes carjacking. The Magistrate Judge likened the facts here to those of Wright:

> In the present case, as in Wright, the Defendant succeeded in initially "taking" the vehicle without resort to force, violence or intimidation. Additionally, in the present case, as in Wright, the Defendant was subsequently confronted by a person (TRB in the present case, and the valet in Wright) claiming control of the vehicle. Finally, in the present case, as in Wright, the Defendant used force, violence and/or intimidation to remove the vehicle from the presence of the person claiming control of the vehicle.

(Sept. 4, 2013, Order at 6 [Doc. No. 55].) Such comparison is apt, as is the Magistrate Judge's view that the sequence of events in the instant case and Wright involved initial and subsequent takings. The Court declines to adopt Defendant's position that the initial taking without force, violence, or intimidation is the only one that matters.

The Magistrate Judge also rejected Defendant's argument that he had not taken the vehicle from "the presence" of T.B., because

> [W]hen Defendant stopped the vehicle, exited the vehicle and approached [T.B.] on foot, the vehicle was at that time in the presence of a person claiming rightful control of it. Only Defendant's use of force, violence and intimidation prevented [T.B.] from exercising that control.

(Sept. 4, 2013, Order at 8 [Doc. No. 55].) Defendant objects to this construction as "miss[ing] the key component of the "presence" definition that the owner could "retain" possession of the vehicle but for the defendant's use of threats or force." (Objection to Report and Recommendation at 5 [Doc. No. 57].) Specifically, Defendant contends that T.B. was never in a position to retain possession of the truck because T.B. did not possess it at the time of the roadside encounter. (Id.)

The Court respectfully disagrees with Defendant. 18 U.S.C. § 2119 does not define the

5

phrase "from the person or presence of another," and the Eighth Circuit has not defined this phrase in the context of carjacking. Courts have, however, interpreted the identical phrase in the general robbery statute, 18 U.S.C. § 2111, explaining that "[p]roperty is in the presence of a person if it is so within his [or her] reach, inspection, observation or control, that he [or she] could if not overcome by violence or prevented by fear, retain his [or her] possession of it." United States v. Casteel, 663 F.3d 1013, 1020 (8th Cir. 2011) (citing United States v. W.T.T., 800 F.2d 780, 782 (8th Cir. 1986)). The Magistrate Judge correctly observed that when Defendant pulled over on the road, exited the truck, and approached T.B. with the hammer behind his back, the truck was in T.B.'s presence. Had T.B. not been overcome by Defendant's violence or prevented by his fear of Defendant, T.B. could have reached the truck and prevented its taking. The Court also notes that until Defendant completed the act of theft—which, at the time of the roadside encounter, Defendant had not—T.B. still had possession of the truck and was able to "retain" possession of it. For these reasons, the Court finds that Defendant took the truck from the presence of T.B. under 18 U.S.C. § 2119.

**IV.    ORDER**

Based on a *de novo* review of the record, the Court **OVERRULES** Defendant's Objection [Doc. No. 57] and **ADOPTS** the Magistrate Judge's September 4, 2013, Report and Recommendation [Doc. No. 55] recommending that the Court deny Defendant's Motion to Dismiss Count One [Doc. No. 41] and deny Defendant's Motions to Suppress [Doc. Nos. 26-28].

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss Count One Based on an Unsupportable Carjacking Theory [Doc. No. 41] is **DENIED**;

2. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Doc. No. 26] is **DENIED**;

3. Defendant's Motion to Suppress Eyewitness Identifications [Doc. No. 27] is **DENIED**; and

4. Defendant's Motion to Suppress Statements, Admissions, and Answers [Doc. No. 28] is **DENIED**.

Dated: September 23, 2013      s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge